DISSENT.

Judge Underwood

dissenting from the majority of the 'court, delivered his own opinion as follows:

Richard Terril, deceased, conveyed a tract or parcel of land to A. and J. W. Hunt, by deed, with general warranty. The vendees of the Hunts were sued in an action of ejectment by the lessee of Joseph Desha. J. W. Hunt united with them in the defence, A. Hunt being dead. Desha’s lessee recovered judgment. J. W. Hunt, as surviving vendee of Richard Terril, (who died before the judgment in the action of ejectment,) instituted an action of covenant upon the warranty in the deed against the heirs of said Terril. The writ issued on the 7th of February, 1824, against Martha Terril, Dabney C. Terril, Mary Jane Terril and Peter Carr, who are styled in the writ, “ heirs at law of Richard Terril, deceased,” returnable to the ensuing March term of the Jefferson circuit court. The declaration was filed on the same day in the clerk’s office, but that was against Dabney 6. Terril alone, as “ one of the heirs at law "of Richard Terril, deceased.” The writ was executed on Dabney C. Terril on the 9th of February, 1824. At the March term, the return of “ no inhabitants'''’ as to- the other defendants was quashed, and an alias awarded. The ■alias issued directed to the sheriff of Jefferson, returnable to the October term, 1824. In this writ, *72 the names of Mary Jane Davis and J. A. G. Davis are inserted, and that of Mary Jane Terril omitted. No marriage is suggested on the record. It does not appear that the alias writ was ever placed in the hands of an officer, or that any return was made upon it. At the October term, 1824, the cause was continued without an order renewing the process, and it was continued until the October term, 1825, without any renewal of process ; at which term an entry was made abating the suit as to Martha Terril, Mary Jane Terril, Peier Carr and J A. G. Davis, and a trial had as to Dabney C. Terril upon three pleas. 1st. That the covenant had been kept and performed ; 2nd. that the covenant had not bern broken ; and, 3rd, no eviction, as set forth in the declaration, by title paramount. The defendant demurred to the evidence. The jury found a verdict, subject to tbe opinion of the court. The plaintiff, Hunt, failed to exhibit a regular chain of title from the patentees to Joseph Desha, thereby shewing, that the recovery in the ejectment was proper on his demise, although an eider grant than Terrii’s was read in evidence. The court, upon the demurrer, gave judgment against Hunt, which judgment remains in full force.
J. W. Hunt then filed his bill in chancery against John A. G. Davis and Mary Jane his wife, Martha Minor, Dabney C. Terril, Frank Carr, D T Carr, Fortunatus Cosby, Isaac; Miller and Robert W. Miller, charging that said Mary Jane, Martha and Dabney C children, and said D. T. Carr, a grand child of Richard Terril, deceased, were his heirs, said Cosbv, his administrator, Frank Carr, father of said D. T. Carr, tenant by the courtesey, and said Millers, debtors to some of the heirs, and prayed for a decree to have the damages he was entitled to in consequence of the breach of the covenant of warranty aforesaid satisfied by the heirs, in consequence of the estate descended to them, which is alleged in the bill to be ample, while the assets in the hands of the administrator are charged to have been exhausted. The Millers are called on to account for the money due by them to the heirs. The hill charges, that there are 260 acres of land lying in Jefferson county, owned by the heirs of R. Terril, the same having *73 descended from him, and which is sought to be subjected to the payment of the complainant’s demand. Martha Minor, J. A. G-. Davis and wife, Frank Carr and D. T. Carr, were proceeded against as non-resi dents. All of them filed answers denying the jurisdiction of the court, relying on lapse of time as a defence, and also pleading the proceedings at law against Dabney C. Terril and judgment in his favor as aforesaid, in bar of the recovery sought. They admit estate by descent sufficient to pay the complainant’s demand if he is entitled to .recover, and Davis and wife admit the tract of 260 acres to be theirs, the same having been allotted to them in the division ofR. Terril’s estate. They do not admit that the Miilers were indebted to them. They insist that Cosby had not exhausted the personal assets. Dabney C. Terril, the Millers and Cosby make no answer. The circuit court, on hearing, dismissed the complainant’s bill, and he has prosecuted an appeal.
I tlfink it entirely clear, that the covenant of warranty has been broken, and that the complainant, .now appellant, is entitled to redress against the representatives of Richard Terril, deceased, unless some one of the objections, relied on by the appellees, should be insurmountable.
The first question I shall notice is, that which arises upon the proceedings at law against Dabney C. Terril, as one of the heirs of Richard Terril, deceased. The cause of complaint set out in the bill and declaration is the same, and if the judgment in (he common law action be a bar to the relief sought by the proceedings in chancery in this case, other questions need not be considered.
It is a well settled principle of law, thaf a final judgment or decree deciding the merits of any controversy is conclusive, so long as it remains in force, upon the parties to it, in all subsequent litigation touching the same matter ; and such a judgment or decree may be plead in bar to a recovery in any suit or action instituted for the same cause. Without such a rule as this, litigation would be interminable, and the rights of litigants would never be put to rest. But in order to make the bar, which the law *74 allows from a former recover} or acquittal, valid, 'I deem it necessary for the party relying upon it to shew, that the merits of the controversy have been adjudicated upon, and settled by the court in the case wherein the judgment or decree relied on was-pronounced He must shew that the subject matter of theexisting suit has been previously adjudged and finally disposed of, by a competent tribunal, whose decision remains in full force. There are many cases in which this may be conclusively done, by the mere exhibition of the record of the suit which has been disposed of. There are others, in which it might be necessary to introduce parol proof in order to shew what liad been concluded by the record. here ver the pleadings exhibit the points put in issue, and the verdict of a jury, or the judgment or decree of the court, without the intervention of a jury, is responsive to the issue, then all the matters embraced by the issue are settled and concluded, and cannot thereafter lie disturbed, except by a resort to some superior tribunal-by appeal or writ of error, or by bill of review, oi-Rv bill in the nature of a bill of review. -But unless the verdict of the jury or judgment or decree of the court, responds to the issue, there can be, it seems to me, no adjudication upon the merits, and, consequently, nothing can be settled so as to constitute a bar in any other cause. The bar does not result merely from the fact that a former suit for the same cause was instituted, and that such suit has been terminated. If that were the reason of the rule, then every non-suit, abatement of an action, or judgment upon a demurrer against a declaration, might constitute a formidable bar to the recovery of the clearest right. The rule seems to be founded upon the consideration that it has been fairly and fully adjudged in a former suit, that the plaintiff or complainant in the record has no such right as he pretends to assert. The case of Bradley vs. Ord, I Atk. 571, is a strong authority in point. By an examination of the-issues there, and an investigation of the manner in which they were disposed of, we shall be conducted to a -correct conclusion as it respects the bar relied on.
Issues were found upon three pleas, as already re *75 marked, to wit: covenants performed, non infregct, and no eviction by title paramount, as set forth in the declaration. Now, it is manifest, that the court gave judgment, upon the evidence, in favor of D. C. Terril, either upon the ground that the plaintiff hacl failed to shew an eviction by title paramount, as alleged, because the deed to Desha was not read ; or upon tiie ground that one of tiie heirs of Terril could not be proceeded against, singly. T cannot, however,presume that the court went ¿fn this last ground, because the court suffered the suit to abate as to part of the heirs, which seems to imply that the court was of opinion that the plaintiff might proceed against a part of them. Bui, upon either ground, it is manifest that there could have been no decision destructive of the obligatory force of the covenant or the plaintiff’s right to recover damages upon it, when a proper state of facts presented themselves. All that the court could determine upon the demurrer to the evidence as set forth was, that the plaintiff then failed to shew any right to recover upon the covenant of warranty, and not that there never could exist such a right on the part of the plaintiff In all cases where a demurrer is filed to evidence, it should be spread at large upon the record, or the facts proved, and all those which the evidence conduces to prove, if it be circumstantial, should be distinctly admitted upon the record. II H. Blackstone, 187. This being done in the present case, the grounds upon which the circuit court gave judgment are obvious. There was no evidence whatever sustaining the plea of covenants performed. Indeed, that plea would have been adjudged bad upon demurrer, under the authority of Young vs. Whitaker and Wilson, I Marshall, 398, and it is difficult to regard that plea as having any effect whatever in the present aspect of this case. The other two pleas have no other effect than to put the plaintiff on the proof of his cause of action as set out in his declaration. That he failed to do, because he did not exhibit the deed of conveyance to Desha. The consequence was, that the plaintiff did not make out his case, and upon that ground the court, upon the demurrer, decided against him. Under the evidence, the plaintiff should have been nonsuited, luid *76 tile defendant made the motion. Had that been done, there would have been no pretence for considering the proceeding a bar. But as it was not done, and the plaintiff chose to abide a decision upon demurrer to the evidence, I have felt embarrassed in settling the cause in conformity to the technical rules which seem to be applicable to it, so as to embrace and give effect to the principles of justice which must be outraged, if a recovery is defeated hr this case, because of an oversight in not giving in evidence the deed to Desha, which was matter of record. It is clear that the liability of D. C. Terri], upon the covenant of his ancestor, was not decided by the court and he exonerated, by any matter of defence possessing merit. The binding efficacy of the covenant of warranty was not assailed. An eviction from the land was shewn, and a paramount title was exhibited, but then there was a fatal blunder committed in not connecting the eviction with the paramount title. All this is shewn by the record. Can or ought such a record to bar a recovery in another suit when the blunder is cured ? I' think it ought not. If the ground of decision had not been exhibited by the record, then it might have operated as a bar, because in the absence of the particular reason for defeating the plaintiff, which-did not involve the merits, it would be taken that the decision turned upon the merits, and that these were against the plaintiff. But where the record shews that there could have been no decision upon the merits of the controversy, and that there was sufficient reason for deciding against the plaintiff’ upon some minor point, such as the omission to exhibit the deed in the present case, Í cannot admit such a record to operate as a bar and thereby destroy important rights, which thereafter are clearly made to appear. The former decision in such a record should be regarded, when given upon demurrer to evidence, as not concluding the parties any more than a judgment of non-suit, or a judgment against a declaration upon demurrer, or a judgment founded on the verdict of a, jury responsive toan immaterial issue. Suppose a debt is bought for $100, and the defendant pleads immaterial matter; such, for instance, as that the plaintiff was rich and- *77 had no use for the money, or that the defendant was poor and unable to pay, and the jury find the issue on such a plea for the defendant, would a judgment rendered thereon in his favor bar another action ? I think it would not, because upon the face of the record it would be manifest that nothing had transpired, which, in law, could shew that the plaintiff had no right. Tire maxim, “ quod nemo bis vexari debet,” &c. is founded on good reason and wise policy, but we ought to be careful that we do not, by a literal adherence to its apparent injunctions, incur the imputation of running counter to another maxim equally sage — “ qui hc&rel in litera, hc&ret in cortices'
The appellees insist that a court of chancery has no jurisdiction in this case. 1 think there is no weight in the objection. It is averred in the bill, that the administrator has exhaused the assets, that part of the heirs are non-residents, and that there is real estate, by descent., situated in Jefferson county. These things give a court of chancery jurisdiction to reach the non-resident heirs. They can be reached in no other way. Their estate, by descent, is assets in their hands to pay their ancestor’s debts. The law denominates it legal assets, for usually it can be reached by a legal remedy; but where that cannot be done, owing to the non-residence of the heir, I think a chancellor may reach the fund which the law subjects, with the same propriety, that he might, if it had been made equitable assets and a trust created by will.
Where there is right, but the legal remedies cannot reach it, the chancellor may extend his arm to aid the party, in many cases, without any statutory regulation, and the present,! think, is a case justifying his interposition. The question of jurisdiction, and that growing out of the judgment at law upon the demurrer to evidence in favor of D. C. Terri], are the only questions which presented any difficulty to granting the complainant relief Upon the first point, I cannot admit the judgment in favor of D. C. Terri! as a bar, because it is clear that he was not discharged by an adjudication upon the merits, and because there is no danger to be apprehended from perjury in another trial, as the additional- evidence *78 is matter of record. Upon the second point, I think a conrt °f chancery, upon common law principles, jurisdiction, in a case like this, to reach the assets in the hands of the heirs. Í therefore cannot consent that Hunt shall lose @1500 which he is clearly entitled to. I therefore dissent from the opinion delivered.